914 F.2d 247
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Isaiah Mabinu FAYOMI, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Isaiah Mabinu FAYOMI, Petitioner-Appellant,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.
 No. 90-2101.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 20, 1990.
Rehearing Denied Oct. 19, 1990.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (INS No. Abr-evq-rno)
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (C/A No. 89-3025-B)
 Isaiah Mabinu Fayomi, appellant pro se.
 Mark Christopher Walters, Robert Leigh Bombaugh, Stewart Deutsch, United States Department of Justice, Washington, D.C., Robert Steven Finkelstein, Immigration and Naturalization Service, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Isaiah Mabinu Fayomi appeals from an order of the district court denying habeas corpus relief under 8 U.S.C. Sec. 1105a(a)(9) (No. 90-7047) and also petitions this Court for a review of a decision by the Board of Immigration Appeals ("BIA") which upheld an order denying Fayomi asylum and requiring his deportation (No. 90-2101). We affirm in both cases.
 
 
 2
 Fayomi entered the United States on a tourist visa in 1983 and failed to leave when the visa expired. Shortly afterward he was convicted of a drug charge and imprisoned. He was released to the custody of the Immigration and Naturalization Service ("INS") in June 1989. In July, Fayomi was found deportable but released on $15,000 bond. He was granted a change of venue from Louisiana to Baltimore, Maryland, where he intended to stay with a friend and file a request for asylum by August 7, 1989, the filing deadline. Fayomi filed the asylum request at the wrong location and the Immigration Court in Baltimore, having received nothing from him, entered a deportation order on August 21, 1989. Because the Immigration Court did not have his correct address, Fayomi did not know of the deportation order until he was again detained by the INS on September 6, at which time his release was revoked.
 
 
 3
 After a hearing in the Immigration Court, a new bond of $50,000 was set which Fayomi appealed to the BIA; at the same time, he initiated this habeas proceeding in the district court. In January 1990, the BIA upheld the revocation of Fayomi's release; it reduced his bond to $25,000, finding that bail of more than $15,000 was necessary because Fayomi had demonstrated a lack of respect for the laws of the United States in the past by overstaying his visa and committing a serious crime, but that $50,000 was excessive. In his habeas petition (No. 90-7047), Fayomi contends that his renewed detention and higher bond were unconstitutional because he attempted to comply with all requirements he knew about, and because he did not receive notice of the deportation hearing on August 21, 1989. However, when an alien has been taken into custody and then released, his release may be revoked at any time and bond revoked or canceled. 8 C.F.R. Sec. 242.2(e) (1990). The district court found no abuse of discretion in the decision of the BIA, and we agree.
 
 
 4
 After his release was revoked, Fayomi moved to reopen the deportation proceedings and his motion was granted. At a hearing in December 1989, Fayomi asserted that he believed he would be detained by his own government if he returned to Nigeria because of his drug conviction in the United States. The Immigration Court denied him asylum. The Board of Immigration Appeals dismissed his appeal, finding that he was not entitled to asylum because he showed no likelihood that he would be persecuted in Nigeria on the basis of his race, religion, nationality, membership in a particular social group or political opinion, or to withholding of deportation. We find no error in this determination. Asylum may be granted to an alien who has a well-founded fear of returning to his own country because he will suffer persecution on account of the factors listed above. See 8 U.S.C. Secs. 1101(a)(42)(a), 1158(a). Fear of government attention because of his drug conviction does not qualify Fayomi for asylum under the statute. Neither does he qualify for withholding of deportation under 8 U.S.C. Sec. 1253(h), because he has been convicted of a serious crime.
 
 
 5
 We therefore grant leave to proceed in forma pauperis, deny the appointment of counsel, and affirm the decision of the Board of Immigration Appeals in No. 90-2101; we affirm the district court's denial of habeas corpus relief in No. 90-7047. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.